# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES E. WALKER, R02343, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-00447-SMY |
| | ) | |
| KIM BUTLER, | ) | |
| RICHARD HARRINGTON, | ) | |
| SALVADOR GODINEZ, | ) | |
| and JOHN R. BALDWIN, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff James Walker, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged unconstitutional conditions of confinement at Menard Correctional Center ("Menard").[1] (Doc. 2). He seeks money damages and injunctive relief at the close of the case.[2] (*Id*. at p. 5).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be

---

[1] This case was severed from *Walker v. Unknown Party,* No. 15-cv-786-MAB (S.D. Ill. filed July 16, 2015).
[2] The Court leaves for another day – and a fuller record – the question of whether Plaintiff's request for injunctive relief specific to Menard is moot, given his transfer from Menard. Typically, this prayer for injunctive relief would be moot unless Plaintiff can show "a realistic possibility that he will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains here." *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citation omitted).

1

dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 2, pp. 1-4): During his incarceration at Menard,[3] Plaintiff endured deplorable conditions in a facility he describes as "uninhabitable." (*Id*.). In 2012, he filed grievances regarding the small cell size, excessive heat exposure,[4] lead-tainted water, peeling paint, lack of cleaning supplies, and denial of exercise opportunities in Menard's North One Cell House. (*Id*. at p. 2). In 2013, he filed complaints about constant lockdowns, dirty cells, broken plumbing, pest infestations, foul odors, uncontrolled noise, a lack of cleaning supplies, and the denial of hygiene items in Menard's East Cell House. (*Id*. at pp. 2-3). In 2014 and 2015, he filed grievances about the small cells, dirty linens, broken plumbing, vermin infestation, poor ventilation, exposure to extreme cold, and lack of cleaning supplies in Menard's North II Segregation. (*Id*. at p. 3). Plaintiff suffered from unspecified physical and emotional harm as a result of these conditions. (*Id*. at p. 4). He asserts a claim for unconstitutional conditions of confinement against two former wardens (Richard Harrington and Kim Butler) and two former IDOC directors (Salvador Godinez and John R. Baldwin). Plaintiff alleges these defendants were aware of the conditions but "condoned, authorized, and tolerated" them in accordance with general policy and practice. (*Id*.).

The Court finds it convenient to designate a single Count in the *pro se* Complaint:

**Count 1:** Eighth Amendment claim against Defendants for subjecting Plaintiff to unconstitutional conditions of confinement at Menard from 2012-15.

---

[3] Plaintiff was housed at Menard in 2001, but the claims in this action focus on conditions he has endured since 2012. (*Id*. at pp. 2-4).
[4] He reports cell temperatures that reached 115° Fahrenheit in 2012. (*Id*. at p. 2).

2

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[5]

## Discussion

In evaluating a claim of unconstitutional conditions of confinement, the Court conducts both an objective and a subjective inquiry under the Eighth Amendment. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). The objective inquiry requires the Court to consider whether the alleged deprivation is "sufficiently serious." *Id*. This standard is satisfied where a condition results in "the denial of the minimal civilized measure of life's necessities." *Knight v. Wiseman,* 590 F.3d 458, 463 (7th Cir. 2009). Inadequate shelter, bedding, cleaning supplies, and hygiene items are among the deprivations described in the Complaint and also among life's necessities. The objective component of this claim is therefore satisfied at screening.

The subjective inquiry focuses on whether the defendants acted with deliberate indifference. *Farmer,* 511 U.S. at 837. This standard is satisfied where an official knows of and disregards an excessive risk to inmate health or safety. *Id*. Here, all of the defendants were high-level Menard and IDOC officials during the relevant time period. Although high-ranking officials normally cannot be held liable for localized violations, they "are expected to have personal responsibility for systemic conditions." *Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996). Plaintiff can show deliberate indifference on the part of these officials by demonstrating that he fell victim to a "general, obvious risk to inmate safety posed by the problem" and where the pervasive nature of the condition would "lead to the inference that Defendant had actual knowledge of [its] substantial risk." *Potts v. Manos*, 2013 WL 5968930, at *4 (N.D. Ill. 2013) (quoting *Byron v. Dart*, 825 F. Supp. 2d 958, 963-64 (N.D. Ill. 2011)). Plaintiff's allegations

---

[5] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

suggest that Defendants may have been aware of and deliberately indifferent to deplorable conditions at Menard. Therefore, Count 1 will receive further review against all Defendants.

**Motion for Recruitment of Counsel**

Plaintiff's Motion for Recruitment of Counsel (Doc. 6) is denied without prejudice pursuant to *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating two-part test for recruitment of counsel). Plaintiff refers to a Motion for Recruitment of Counsel he filed four years ago in *Walker v. Unknown Party*, No. 15-cv786-MAB (S.D. Ill. 2015) (Doc. 3). He also attaches test scores, transcripts, and affidavits that address his cognitive function. He provides no updated information about his efforts to locate counsel in this particular case or current barriers to self-representation. Given that he successfully pleaded a single straightforward claim in this case, the Court deems assignment of counsel unnecessary at this time. He may renew this request as the case proceeds.

**Disposition**

**IT IS ORDERED** that the Complaint survives screening under 28 U.S.C. § 1915A. **COUNT 1** will receive further review against all Defendants. **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

With respect to **COUNT 1**, the Clerk of Court shall prepare for Defendants **KIM BUTLER**, **RICHARD HARRINGTON, SALVADOR GODINEZ**, and **JOHN R. BALDWIN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Merits Review Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate

steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his *in forma pauperis* application was granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 12, 2019**

                                                      s/ Staci M. Yandle
                                                     **STACI M. YANDLE**
                                                     **United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**