IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-447-SMY |
| | ) |
| KIM BUTLER, RICHARD | ) |
| HARRINGTON, SALVADOR GODINEZ, | ) |
| and JOHN BALDWIN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Gilbert C. Sison (Doc. 59), recommending that the Court grant in part and deny in part the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants John Baldwin, Kim Butler, Salvador Godinez, and Richard Harrington. (Doc. 39). Plaintiff filed a timely objection (Doc. 62). For the following reasons, Judge Sison's Report is **ADOPTED**.

### Background

Plaintiff James E. Walker, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983, claiming his Eighth Amendment rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Plaintiff alleges that he was subjected to unconstitutional conditions of confinement from 2012 to 2015 because of small cell sizes, poor plumbing and environmental controls, pest infestations, dirty cells, contaminated water, and lack of cleaning and hygiene supplies, among other things (Count I). He claims that Defendants, who are former Wardens of Menard and

Directors of IDOC, were aware of these systemic conditions but disregarded the risk to his health and safety. Defendants move for summary judgment, asserting that Plaintiff failed to exhaust his administrative remedies or to submit a grievance naming or identifying them prior to filing this lawsuit.

## Discussion

Judge Sison held an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), on June 30, 2020 and subsequently issued his Report setting forth the evidence presented by the parties, the applicable law, the requirements of the administrative process, and his conclusions. Judge Sison concluded that there were several relevant grievances – dated May 30, 2013, October 28, 2013, and March 18, 2015 – that exhausted Plaintiff's administrative remedies as to each defendant with respect to various discrete instances of unconstitutional conditions of confinement. He concluded, however, that grievances dated October 7, 2013, April 20, 2014, and June 2, 2014 did not concern the matters in Plaintiff's Complaint. Finally, he found that grievances dated September 15, 2014, December 7, 2014, January 21, 2015, and November 8, 2015 were related to the allegations in the Complaint but were not fully exhausted and that Plaintiff was not credible in his assertion that the administrative remedies process was unavailable as to these grievances. As a result, Judge Sison recommended as follows:

> the District Court dismiss without prejudice the excessive heat claims and denial of exercise opportunities against Butler and Baldwin. This would leave claims against Butler and Baldwin for the small cell size, inadequate plumbing and lack of cleaning supplies. This would also leave claims against Harrington and Godinez for the dirty sink and toilet, lack of personal hygiene items, denial of exercise, lack of cleaning supplies and conditions.

(Doc. 59)

When timely objections having been filed to the Report, the Court undertakes *de novo* review of the portions to which a party specifically objects and reviews the unobjected portions

for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); SDIL-LR 73.1(b); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff argues that Judge Sison erred in finding that he was not credible in his claim that the administrative remedies process was unavailable. He asserts that he does not have control of when his grievances are mailed or received and that when he did not receive responses to his grievances, he wrote letters and grievances complaining about the lack of responses that Judge Sison should have credited. The judge presiding over a *Pavey* hearing is in the best position to assess a witness' credibility. *Kraushaar v. Flanigan*, 45 F.3d 1040, 1052 (7th Cir. 1995). Here, Judge Sison assessed Plaintiff's credibility and determined that he was not credible in his assertion that he fully exhausted his administrative remedies by either failing to submit appeals on time or failing to submit grievances to the proper person at the appropriate time. Judge Sison based this finding, in part, on Plaintiff's familiarity with the grievance process and a record of fully exhausted grievances.

The Court finds clear no clear error in the Report. The Report parsed out various instances of unconstitutional conditions of confinement and determined that Plaintiff had exhausted only as to some of those conditions as to each defendant. This approach is consistent with the bottom-line objective of the exhaustion of administrative remedies; putting prison officials on notice of alleged problems and affording them the opportunity to correct any issues. Accordingly, the Report is adopted in its entirety.

## Conclusion

For the above reasons, Magistrate Judge Sison's Report (Doc. 59) is **ADOPTED**. Defendants' Motion for Summary Judgment (Doc. 39) is **GRANTED in part**. The excessive heat and denial of exercise opportunities claims against Butler and Baldwin are **DISMISSED without prejudice.** Defendants' Motion is **DENIED** in all other respects.

**IT IS SO ORDERED.**

**DATED: February 8, 2021**

**STACI M. YANDLE**
**United States District Judge**